IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DOLORES GARRIGUS, ) | |
| ) | |
| Plaintiff, ) | Cause No.: 1:22-cv-2069 |
| ) | |
| vs. ) | |
| ) | |
| NACHI AMERICA, INC., ) | |
| ) | |
| Defendant, ) | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES
## AND REQUEST FOR A JURY TRIAL

Comes now Plaintiff, Dolores Garrigus, by counsel, and as her Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Dolores Garrigus, is a resident of Johnson County in the State of Indiana and a former employee of Defendant.

2. Defendants, Nachi America, Inc., is an employer as defined by 42 U.S.C. § 2000e(b), 42 U.S.C. § 12101, *et. sec.* and 29 U.S.C. § 621, *et. sec.* which conducts business in the State of Indiana.

3. Ms. Garrigus filed a Charge of Discrimination (Charge 470-2021-01796) with the Equal Employment Opportunity Commission on or about February 24, 2022, alleging *inter alia*, that Defendant had discriminated against Plaintiff based on her sex, age, disability, and in retaliation for her complaints of discrimination under Title VII of the Americans with Disabilities Act, 42 U.S.C. § 12101 e *et seq*.

5. The Equal Employment Opportunity Commission regulations, issued to Ms. Garrigus a 90-day Right to Sue letter on September 14, 2022.

6. Ms. Garrigus invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

8. Plaintiff is a female over the age of forty (40), who suffers from a disability, namely intense tinnitus, vertigo, facial pain, and overstimulated nervous system related to a rare brain tumor and causes migraines and shingles when symptoms are not managed.

9. Plaintiff was employed by the Defendant, Nachi America, Inc. (hereinafter referred to as "Nachi" or "Defendant") since June 1, 2021 as a payroll and benefits administrator and at all times met or exceeded Defendant's legitimate employment expectations.

10. In December 2021, Defendant posted a Human Resource Manager Position and Plaintiff applied for it.

11. Plaintiff expressed her interest in the position to her manager, Larry Wright, and was told that she was too old for the position, and that her current position would be much less stressful.

12. On January 31, 2022, Defendant then hired a much younger, nondisabled female for the position who was less qualified than the Plaintiff.

13. On or around February 2, 2022, Plaintiff arrived at the office and new manager, Amanda Wiley, called Plaintiff a *finger pointer* and handed the Plaintiff a *stress ball* labeled Boss and told her she is going to need this.

14. Wiley then informed Plaintiff that it would be Plaintiff's job to train her on the Defendant's pay system.

15. On February 4, realizing that working conditions had become too onerous and unreasonable to continue working for the Defendant, Plaintiff was constructively discharged and tendered her resignation, and requested a payout of her paid time off ("PTO").

16. The following Monday, February 7, the Plaintiff was notified that she was terminated for job abandonment and denied her PTO, which was previously offered to two male employees who had resigned under similar circumstances.

17. After Plaintiff's supervisor and the new manager resigned, Defendant asked that the Plaintiff come back to work, and made numerous promises to get her to do so.

18. Plaintiff returned to Nachi on or around April 26, 2022 and was told that her PTO and benefits would be reinstated, though they were not.

19. Defendant then posted the HR Manager position again, and again the Plaintiff applied for it.

20. Defendant informed Plaintiff that she would not be considered and that this time they intended to hire someone who was better qualified than her.

21. After Plaintiff was rehired, Defendant admitted to her that she had been miscategorized as an exempt employee, and that her job duties were such that she should have been paid hourly, though Plaintiff continued to work numerous hours of overtime while being paid her same salary.

22. On or about August 31, 2022, Plaintiff resigned again due to the unreasonable working conditions.

## Count I
## Title VII Sex

23. Plaintiff incorporates by reference Paragraphs one (1) through twenty-two (22) above.

24. Defendant discriminated against Ms. Garrigus on the basis of her sex when Defendant refused to allow her to use her PTO as it had done for similarly situated male employees.

25. Plaintiff, at all relevant times, met or exceeded Defendant's legitimate performance expectations.

26. These similarly situated male employees were treated more favorably than Plaintiff.

27. These actions violated Ms. Garrigus' rights and were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

28. As a result of the foregoing, Ms. Garrigus sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

29. As a result of Defendant's actions, Ms. Garrigus has incurred attorney fees and costs.

30. Defendant's actions were done with malice or willful reckless disregard to Ms. Garrigus' rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, punitive damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

## Count II
## ADEA

31. Plaintiff incorporates by reference Paragraphs one through thirty (30) above.

32. Plaintiff, a forty-nine (49) year old female, applied for the HR Manger position for which she was qualified.

33. Defendant refused to consider Plaintiff for the position and instead hired a much younger person for the position who was less qualified than the Plaintiff.

34. Defendant refused to consider Plaintiff for promotion due to her age, as stated by her supervisor.

35. These actions violated Ms. Garrigus' rights and were in violation of the Age Discrimination in Employment Act.

36. As a result of the foregoing, Ms. Garrigus has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment, and humiliation.

37. As a result of Defendant's actions, Ms. Garrigus has incurred attorney fees and costs.

38. Defendant's actions were done with malice or willful reckless disregard to Ms. Garrigus' rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, punitive damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

## Count III
## ADA

39. Plaintiff incorporates by reference paragraphs one (1) through thirty-eight (38) above.

40. Plaintiff suffers from a disability as defined by the Americans with Disabilities Act, namely a brain tumor that causes migraines and affects Plaintiff's major life activities.

41. Defendant created a hostile work environment for the Plaintiff based on her disability(ies) and/or perceived disability by intentionally creating stressful situations and denying her consideration for promotions because of her disability.

42. Defendant's decision to deny Plaintiff a promotion was motivated by her disability and/or perceived disability.

43. Similarly situated employees outside Plaintiff's protected class were treated more favorably.

44. As a result of the foregoing, Plaintiff sustained damages including, but not limited to, lost wages, back pay, front pay, benefits, compensatory damages, costs and attorney fees.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, back pay, compensatory damages, punitive damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

### Count IV
### Retaliation

45. Plaintiff incorporates by reference Paragraphs one through forty-four (44) above.

46. Plaintiff complained to Defendant that the denial of her remote work assignments and long hours without days off exacerbated her disability.

47. Defendant denied Plaintiff a promotion in retaliation for her complaints of discrimination.

48. As a result of the foregoing, Ms. Garrigus has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment, and humiliation.

49. As a result of Defendant's actions, Ms. Garrigus has incurred attorney fees and costs.

50. Defendant's actions were done with malice or willful reckless disregard to Ms. Garrigus' rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for her injuries, including lost pay and benefits, compensatory damages, punitive damages, and for an award of Plaintiff's attorney fees and costs incurred, and for all other appropriate relief.

### Count V
### Wage Claim

51. Plaintiff incorporates by reference Paragraphs one through fifty (50) above.

52. Plaintiff brings this action, pursuant to Ind. Code 22-2-9 *et seq.* and Indiana Code 22-2-5 *et seq.*, and in support thereof states as follows:

   a. Plaintiff, Dolores Garrigus, is a former employee of the Defendant who was

employment by the Defendant ended on or about August 27, 2022.

  b. Defendant has failed to pay Plaintiff for overtime wages she has earned.

  c. Pursuant to Indiana Code 22-2-5-2, Plaintiff is also entitled to recover from Defendant liquidated damages in an amount equal to double the amount of wages due, as well as costs and reasonable attorney's fees.

  d. The Commissioner of the Indiana Department of Labor, by and through the Indiana Attorney General, has authorized Plaintiff to pursue his claim for unpaid wages pursuant to Indiana statute. A true and accurate copy of the authorization letter is attached as "Exhibit A" hereto.

  e. All conditions precedent to this action have occurred, have been performed or have been excused.

  WHEREFORE, Plaintiff prays for judgment against Defendant and an award of damages as follows:

1. Unpaid wages in the amount of $58,881.76;
2. Liquidated damages in the amount of $117,763.52;
3. Costs and reasonable attorney fees;
4. Prejudgment interest; and

For a final judgment against Defendant in the amount of $176,645.28 in compensation under this Count V and liquidated damages, plus prejudgment interest, plus Plaintiff's costs and Plaintiff's reasonable attorney fees incurred herein, and all other just and proper relief.

        Respectfully submitted,

        HENN HAWORTH CUMMINGS & PAGE

        */s/Paul J. Cummings*
        Paul J. Cummings, 22714-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

                                    Respectfully submitted,

                                    HENN HAWORTH CUMMINGS + PAGE

                                    */s/Paul J. Cummings*
                                    Paul J. Cummings, 22714-41

HENN HAWORTH CUMMINGS & PAGE
1634 West Smith Valley Road – Suite B
Greenwood, IN  46142
317-885-0041 - phone
888-308-6503 – fax
Paul.Cummings@HHCPlaw.com